## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JAMES P. MOYLE,**
**Claimant Below, Petitioner**

**FILED**

July 6, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 16-0737**  (BOR Appeal No. 2051076)
(Claim No. 2015015153)

**PATTON BUILDING SERVICES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner James P. Moyle, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Patton Building Services, Inc., by Timothy E. Huffman, its attorney, filed a timely response.

The issues on appeal are whether Mr. Moyle is entitled to additional temporary total disability benefits and whether he is entitled to medical treatment for his lumbar spine. On June 1, 2015 and June 15, 2015, the claims administrator denied a request for payment of temporary total disability benefits. On July 9, 2015, the claims administrator denied authorization for an L3-L4 and L4-L5 decompressive laminotomy. The Office of Judges affirmed the three decisions in its February 1, 2016, Order. The Order was affirmed by the Board of Review on July 8, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Moyle, a maintenance worker, slipped on a bumper getting out of a truck on November 6, 2014. His claim was originally denied by the claims administrator on December 8, 2014, but was later held compensable for lumbar sprain/strain and cervical sprain/strain by Order of the Office of Judges on March 26, 2015.[1]

---

[1] The Office of Judges March 26, 2015, Order holding the claim compensable is not at issue.

1

Prior to slipping on the bumper, Mr. Moyle sought medical treatment with Bill Underwood, M.D., for chronic lumbar spine pain in early 2013. A May 31, 2013, lumbar MRI revealed disc bulging at L1-L2 and L3-L4 as well as facet degenerative changes and disc herniation at L4-L5 with thickening of the ligamentum flavum and facet degenerative changes. However, due to the severity of his cervical spine condition, Dr. Underwood recommended he treat the cervical spine first. On June 20, 2013, he underwent a cervical spine fusion at C4-C7.

Mr. Moyle received epidural steroid injections at L4-L5 on August 15, 2013, and at L3-L4 on August 22, 2014. Mr. Moyle also had a lumbar MRI on August 22, 2014, that revealed multilevel degenerative changes including an L5-S1 disc herniation, L1-L2 and L3-L4 disc bulges, an L4-L5 disc herniation, and spinal stenosis. He was diagnosed with intractable low back pain, degenerative lumbar spinal stenosis, lumbar disc herniation, and right leg numbness.

On November 6, 2014, Mr. Moyle slipped on a bumper getting off of a truck. On December 1, 2014, he was seen by Dr. Underwood for complaints of lumbosacral pain radiating to the right anterior thigh, bilateral gluteal region, and down his right leg. The results of a January 9, 2015, lumbar MRI were essentially unchanged in appearance to the lumbar spine and multilevel degenerative changes and associated disc herniations seen on the August 22, 2014, lumbar MRI.

Mr. Moyle testified via deposition on January 30, 2015, that he was injured on November 6, 2014, when he slipped on the bumper of his truck and fell. He experienced immediate back pain. Mr. Moyle sought medical treatment on November 13, 2014. He was assigned work restrictions and prescribed medication. He returned to work on restricted duty. His last day of work was November 20, 2014. He said he was treated by Dr. Underwood in 2013 for back pain and right leg numbness. Dr. Underwood told him his spinal cord was ready to snap.

Mr. Moyle was treated by Dr. Underwood on April 24, 2015, for complaints of lumbar and cervical pain. Dr. Underwood noted Mr. Moyle had cervical spine pain and had been experiencing persistent left arm numbness and weakness since 2010. Dr. Underwood noted Mr. Moyle had previously received lumbar epidural steroid injections. The injections reportedly only provided two weeks of relief. Additionally, Mr. Moyle had been diagnosed with back pain and spinal stenosis in May of 2013. Dr. Underwood diagnosed lumbar spinal stenosis, lumbar foraminal stenosis, lumbar disc herniation, lumbar radiculopathy, severe lumbar pain, and paresthesia of the right leg. He recommended a decompressive laminotomy of the L3-L4, L4-L5, and right foraminotomy of L3-L4.

Rebecca Thaxton, M.D., performed a medical records review on May 4, 2015. She recommended obtaining a second opinion regarding the need for surgery as well as additional medical records regarding Mr. Moyle's lumbar spine problem. She noted Mr. Moyle had spine degeneration prior to the work injury as evidenced by the August 22, 2014, lumbar spine MRI. The January 9, 2015, lumbar MRI results were similar to the August 22, 2014, results.

Joseph Grady, M.D., performed an independent medical evaluation on May 14, 2015. Mr. Moyle's chief complaint was discomfort in his neck and lower back. Dr. Grady noted that Mr.

Moyle was seen on October 16, 2014, for a constant aching sensation in his lower back and numbness and needle like sensations in his right leg. He had been prescribed Neurontin, Tramadol, and Lyrica. Mr. Moyle understood that he needed surgery for his back prior to the date of injury. Dr. Grady diagnosed cervical myofascial sprain superimposed on previous fusion from C4 to C7 and resolved lumbar sprain superimposed on pre-existing multilevel degenerative spondylosis. He noted Mr. Moyle had a longstanding history of symptoms related to his neck and lower back with numerous imaging studies and invasive procedures being done in those areas in the past. In his opinion, Mr. Moyle had reached maximum medical improvement for the neck sprain and lumbar sprain. The surgery recommended by Dr. Underwood was not related to the compensable conditions. It would address the diffuse structural abnormalities found on imaging studies prior to the work injury.

Ruthanne Watkins, M.D., completed an attending physician report on May 18, 2015, requesting that spinal stenosis, sciatica, and cervicalgia be added as compensable diagnoses. She noted Mr. Moyle had been prescribed Flexeril, Naproxen, and Neurontin. She also noted that Mr. Moyle was temporarily and totally disabled from November 6, 2014, through November 1, 2015, based on her April 20, 2015, examination of him.

Mr. Moyle was seen by Russell Biundo, M.D., on May 27, 2015, for a follow-up for lumbosacral stenosis. Dr. Biundo noted it was difficult for him to return to work as he had a lot of back pain. Dr. Biundo noted Mr. Moyle had received an epidural injection in the past which provided temporary relief. He completed an attending physician's report noting an accepted diagnosis of cervical fusion and requesting an additional diagnosis of lumbar stenosis. Dr. Biundo opined Mr. Moyle was temporarily and totally disabled from May 27, 2015, through August 27, 2015.

On June 1, 2015, the claims administrator denied a request for temporary total disability benefits from Dr. Watkins as the attending physician's report she submitted could not be accepted because no medical documents had been received from Dr. Watkins and disability could not be certified for periods of time before Mr. Moyle was treated by her, or for more than ninety days in the future.

On June 2, 2015, Dr. Thaxton recommended denying the surgery based on the report of Dr. Grady. On June 15, 2015, the claims administrator denied a request for temporary total disability benefits based on the report of Dr. Biundo as he was not the attending physician and no medical records had been submitted by Dr. Biundo. The StreetSelect Grievance Board recommended denial of the L3-4, L4-5 decompressive laminotomy on July 7, 2015. The claims administrator denied Dr. Underwood's request for authorization for an L3-4 and L4-5 decompressive laminotomy on July 9, 2015.

ChuanFang Jin, M.D., performed an independent medical evaluation on October 27, 2015. The chief complaint of Mr. Moyle was listed as a back injury. Mr. Moyle had constant pain in his lumbar spine and cervical spine. He also had right leg numbness. Dr. Jin diagnosed chronic low back pain secondary to severe degenerative lumbar disk disease with spinal stenosis, chronic neck pain due to longstanding history of degenerative arthrosis of the cervical spine with

severe spinal stenosis, status post decompression with fusion from C4-C7 secondary to severe degenerative cervical spine disease, and probable radiculopathy/myelopathy of the lower extremities. She noted Mr. Moyle had longstanding problems with his cervical spine and lumbar spine due to severe degenerative disk disease involving the spine prior to the alleged injury of the claim. He had been actively treating since at least March 29, 2013. In Dr. Jin's opinion, the sprain/strain type of injury would not aggravate the underlying pathology of degeneration. Dr. Jin opined that Mr. Moyle needed the requested surgery, but the need for surgery was due to the pre-existing lumbar spine problems.

The Office of Judges affirmed the June 1, 2015, June 15, 2015, and July 9, 2015, decisions of the claims administrator on February 1, 2016. The Office of Judges addressed the July 9, 2015, denial of authorization for a decompressive laminotomy at L3-L4 and L4-L5 first. It noted the claim was compensable for lumbar sprain/strain and cervical sprain/strain. The authorization request from Dr. Underwood shows the surgery was for treatment of lumbosacral neuritis or radiculitis, displacement of lumbar intervertebral disc, and lumbar spinal stenosis. None of the listed diagnoses were compensable. The Office of Judges noted that surgical intervention was not usually needed for sprain/strain type injuries. It determined that the objective diagnostic imaging evidence established that the requested surgery was directed at treating lumbar pathology that pre-existed the compensable injury. The pre-existing lumbar pathology was symptomatic prior to the injury, as documented by the medical records of Dr. Underwood, Dr. Mathai, and Dr. Biundo. Additionally, Dr. Grady, Dr. Thaxton, and Dr. Jin all opined that the surgery was for treatment of pre-existing lumbar pathology and is not related to the compensable injury. The Office of Judges found their opinions to be persuasive as they were consistent with the objective imaging studies and other medical evidence of record. Therefore, the Office of Judges found the requested medical treatment was not reasonably required for the compensable condition.

It then turned to the June 1, 2015, and June 15, 2015, decisions of the claims administrator that denied the request for temporary total disability. It determined that Dr. Watkins and Dr. Biundo both found Mr. Moyle was disabled. However, the finding of disability was based upon non-compensable conditions. Dr. Grady and Dr. Jin both estimated the duration of disability for a sprain/strain to be eight weeks. They both found Mr. Moyle had reached maximum medical improvement. Therefore, the Office of Judges determined Mr. Moyle was not entitled to additional temporary total disability benefits.

The Board of Review adopted the findings of facts and conclusions of law of the Office of Judges and affirmed the Order on July 8, 2016. After review, we agree with the Board of Review. Mr. Moyle sustained a lumbar sprain/strain and cervical sprain/strain as the result of his compensable injury. He had reached maximum medical improvement due to the compensable injury. The need for surgical intervention was due to pre-existing changes in his spine.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

4

Affirmed.

**ISSUED: July 6, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Elizabeth D. Walker

**DISSENTING**:
Justice Menis E. Ketchum